**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

TIMOTHY BRANSTETTER,

        Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC., a Minnesota corporation,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

### PARTIES

7.      Plaintiff Timothy Branstetter is a natural person.

8.      The Plaintiff resides in the City of Littleton, County of Arapahoe, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     Defendant Financial  Recovery Services, Inc. is a Minnesota corporation operating from an address at 4900 Viking Drive, Edina, Minnesota, 55435.

11.     The Defendant's registered agent in the state of Colorado is Machol & Johannes, LLC, 600 17th Street, Suite 800 North, Denver, Colorado, 80202.

12.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     The Defendant is licensed as a collection agency by the state of Colorado.

14.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15.     The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16.     Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a student loan owed to Barclays / Juniper Bank (hereinafter the "Account").

17.     The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.     The Account went into default with the original creditor.

19.     After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20.     The Defendant's account number for the Account is: EMU868.

21.     The Plaintiff disputes the Account.

22.   The Plaintiff requests that the Defendant cease all further communication on the Account.

23.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

24.   The Defendant acted at all times mentioned herein through its employee(s).

25.   In 2010 the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff.

26.   In 2010 the Plaintiff called the Defendant in response to the telephone call(s).

27.   The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

28.   The telephone call(s) / conversation(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

29.   The telephone call(s) / conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

31.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

32.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

33.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Account was on the Plaintiff's credit reports and would be on his credit reports for 7 to 15 years.

34.   The representation that the account would be on the Plaintiff's credit reports for 7 to 15 years was false and was a false representation in connection with the collection of a debt, the Account.

35.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Account would take almost a decade to fall off the credit reports.

36.   The representation stated in paragraph 35 was false and was a false representation in connection with the collection of a debt, the Account.

37.   In 2010 the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account caused the Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff.

38.   The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account called the Plaintiff on August 11, 2010 at 8:05 am and 8:09 am Mountain Standard Time.

39.   The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account called the Plaintiff on August 12, 2010 at 8:04 am and 8:05 am Mountain Standard Time.

40.   The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account called the Plaintiff on August 14, 2010 at 8:03 am and 8:04 am Mountain Standard Time.

41.   The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account called the Plaintiff on August 16, 2010 at 8:04 am, 8:07 am and 5:34 pm Mountain Standard Time.

42.   The Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in 2010.

43.   The Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in August 2010.

44.   The Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in 2010.

45.   The Defendant made audio recording(s) of its telephone calls with the Plaintiff in 2010.

46. The Defendant has copies of the audio recording(s) of its telephone calls with the Plaintiff in 2010.

47. The Defendant made audio recording(s) of its telephone calls with the Plaintiff in August 2010.

48. The Defendant has copies of the audio recording(s) of its telephone calls with the Plaintiff in August 2010.

49. The Defendant's copies of the audio recording(s) of its telephone calls with the Plaintiff in 2010 substantiate the Plaintiff's allegations in this action.

50. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(5).

51. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8) and e(10).

52. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

53. The Defendant's statement(s) and action(s) as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

54. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

55.     The representative(s) and / or collector(s) at the Defendant were employee(s) of
        the Defendant at all times mentioned herein.

56.     The representative(s) and / or collector(s) at the Defendant were agent(s) of the
        Defendant at all times mentioned herein.

57.     The representative(s) and / or collector(s) at the Defendant were acting within the
        course of their employment at all times mentioned herein.

58.     The representative(s) and / or collector(s) at the Defendant were acting within the
        scope of their employment at all times mentioned herein.

59.     The representative(s) and / or collector(s) at the Defendant were under the direct
        supervision of the Defendant at all times mentioned herein.

60.     The representative(s) and / or collector(s) at the Defendant were under the direct
        control of the Defendant at all times mentioned herein.

61.     The actions of the representative(s) and / or collector(s) at the Defendant are
        imputed to their employer, the Defendant.

62.     As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered
        the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

63.     The previous paragraphs are incorporated into this Count as if set forth in full.

64.     The acts and omissions of the Defendant and its representative(s), employee(s)
        and / or agent(s) constitute violations of the  FDCPA, including but not limited to
        § 1692d preface, § 1692e preface, e(2)(A), e(5), e(8), e(10) and § 1692f preface.

65.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     A finding that the Defendant violated the FDCPA and/or an admission from the

Defendant that it violated the FDCPA.

2.     Actual damages under 15 U.S.C. § 1692k(a)(1).

3.     Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson___ _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff